IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY THOMPSON,

    Plaintiff,

vs.

INSURANCE AND BENEFITS TRUST/COMMITTEE PEACE OFFICERS RESEARCH ASSOCIATION OF CALIFORNIA, et al.,

    Defendants.

_____/

No. CIV S-08-0650 FCD GGH

FINDINGS AND RECOMMENDATIONS

        The District Judge has referred this matter to the undersigned for review of plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        The in forma pauperis statute provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets [and demonstrates] . . . that the person is unable to pay such fees or give security therefor."

        While "[i]nability to pay costs does not require absolute destitution," U.S. v. Slater, 96 F.R.D. 53, 54 (D.C. Del. 1982) (citation omitted), the statute "creates no absolute right

to proceed in civil actions without payment of costs.  Indeed, to the contrary, the statute conveys only a privilege to proceed to those litigants unable to pay costs without undue hardship." Levy v. Federated Department Stores, 607 F.Supp. 32, 33-34 (D.C. Fla. 1984) (citation omitted). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339, 69 S.Ct. 85, 89 (1948) (citation and internal quotations omitted).

The cost of filing an action in this court is $350.00, a relatively modest amount when compared to plaintiff's income and assets.  Plaintiff states that he has $9000 cash, and receives monthly retirement payments of $2250 "for the rest of my life."  He is receiving temporary monthly workers compensation payments of $900.  Plaintiff lists the following assets: his home, which he bought for $200,000 and for which he now owes $150,000; property in Oregon for which plaintiff paid $15,000; a pickup truck valued at $22,000 and a car valued at $1500.  Plaintiff states that he contributes fifty percent to his wife's support but has no other dependents.[1]

Comparing plaintiff's income and assets with the filing fee for this action, the court finds that requiring plaintiff to pay the fee will not incur an undue hardship or unreasonable expense.  This conclusion is underscored by reference to the court's measured consideration of the same factors applied to more compelling applications generally received by this court. "Although this Court must be careful to insure the availability of the federal judicial system to truly indigent persons, it also must guard against the abuse of the in forma pauperis procedure." Slater, supra,  96 F.R.D. at 54 (citation omitted).  Accordingly, the court will recommend denial of plaintiff's application.

However, today's ruling is limited to payment of the filing fee required to initiate

---

[1] This statement is unclear, implying that plaintiff's wife may also work or receive other income that contributes to the couple's support, but the factor is not pivotal here.

this action. "If a pay-as-you-go plaintiff is, down the road, confronted with necessary expenses of litigation which overshoot his then-available means, he can at that time, by proper petition, seek refuge under § 1915." Temple v. Ellerthorpe, 586 F.Supp. 848, 852 (D.R.I. 1984); cf., Wiideman v. Harper, 754 F.Supp. 808, 809 (D. Nev.1990) (conversely, a court does not remain bound to by its initial grant of forma pauperis status if the plaintiff's financial situation improves). Since the benefits accorded to a plaintiff who has been granted in forma pauperis status may extend beyond payment of the filing fee (e.g., such benefits may include the costs of preparing a transcript and printing the record on appeal, see 28 U.S.C. § 1915(c)), plaintiff may, if his circumstances change, pursue such benefits in a subsequent request to proceed in forma pauperis.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's application to proceed in forma pauperis be DENIED, and plaintiff be given twenty days within which to pay the filing fee of $350.00.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 08/13/08                                         /s/ Gregory G. Hollows
                                                        _____
                                                        GREGORY G. HOLLOWS
                                                        U. S. MAGISTRATE JUDGE

GGH5:Thompson0650.ifp